**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10617

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID EARL TURNER,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth

September 6, 2002

Before DUHÉ, BARKSDALE and DENNIS, Circuit Judges.

DUHÉ, Circuit Judge:

David Turner appeals his sentence following a guilty plea to possession of a firearm by a convicted felon. His appeal presents the question whether a prior conviction of burglary of a building constitutes a "crime of violence" for purposes of increasing the base offense level under the Sentencing Guidelines. Because that determination turns on the conduct expressly charged in the indictment for the prior conviction, which is not in the record, we vacate and remand for resentencing.

The district court determined Turner's base offense level

under Guideline § 2K2.1(a)(4)(A), which provides a level of 20 for a defendant who has a prior felony conviction of a "crime of violence." Application Note 5 following that section refers us to Guideline § 4B1.2 for a definition of "crime of violence." We review the district court's interpretation and application of the Guidelines *de novo.* United States v. Charles, No. 01-10113, – F.3d –, 2002 WL 1764147, at *2 (5th Cir. July 31, 2002)(*en banc*). The district court relied in part upon United States v. Rodriguez-Guzman, 56 F.3d 18, 21 (5th Cir. 1995), which concluded that a felony burglary of a nonresidential building under the Texas Penal Code is a crime of violence as defined in 18 U.S.C. § 16(b). This Court has recently repudiated use of jurisprudence under 18 U.S.C. § 16(b), however, in determining what constitutes a crime of violence under the Guidelines. See Charles at *2 (overruling cases conflating the 18 U.S.C. § 16(b) definition of "crime of violence" with that of USSG § 4B1.2(a)).

Charles requires us to focus on only Guideline § 4B1.2 and its accompanying commentary. Charles at *2. Section 4B1.2(a) defines "crime of violence" as any offense under federal or state law punishable by imprisonment for more than one year that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk

of physical injury to another." The Commentary enumerates additional offenses and clarifies that an offense not listed is a "crime of violence" either (A) if it has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved . . . explosives . . . or, by its nature, presented a serious potential risk of physical injury to another." USSG § 4B1.2, cmt. n.1 para. 2, parts (A)&(B).

The first aspect of the test is whether the elements include the use of physical force. USSG § 4B1.2(a)(1). The Government contends that under Taylor[1] the statutory elements of burglary of a building make it a crime of violence per se. Defining "burglary" as used in 18 U.S.C. § 924(e) for purposes of the sentencing enhancement for career criminals, Taylor noted preliminarily that burglary "often creates the possibility of a violent confrontation." Taylor, 495 U.S. at 588, 100 S. Ct. at 2153. This observation differs from the test for purposes of the Guideline, which is whether the offense "has as an element the use [actual, attempted, or threatened] of physical force against the person of another." USSG § 4B1.2(a)(1). The statutory elements of burglary of a building do not make it a per se crime of violence, because they do not necessarily involve use of physical force against the

_____

[1] Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990).

3

person of another.  See Tex. Pen. Code § 30.02(a) (West 1994)[2]; see also United States v. Jackson, 22 F.3d 583, 585 (5th Cir. 1994)("Jackson I")[3] (rejecting uniform treatment of burglary of a building as a crime of violence).

The second aspect of the test for crime of violence is whether the offense is in the enumerated list of crimes, involves explosives, or meets the "otherwise" part of the definition of crime of violence.  USSG § 4B1.2(a)(2).  Since this crime neither

_____

[2]The elements of burglary in Texas are that a person must without the effective consent of the owner . . . :
(1) enter[] . . . a building . . . not then open to the public, with intent to commit a felony, theft, or an assault; or
(2) remain[] concealed, with intent to commit a felony, theft, or an assault, in a building . . . ; or
(3) enter[] a building . . . and commit[] or attempt[] to commit a felony, theft, or an assault.
Tex. Penal Code § 30.02 (West 1994).  If the theft or felony involved does not involve the use of force against the person of another, then the burglary would not be a crime of violence.

[3]  After making this initial determination, Jackson I then considered the factual description of the burglary contained in the PSR to determine whether the defendant's conduct during the particular burglary at issue presented a serious potential risk of physical injury to another so as to constitute a crime of violence under part (B) of the analysis.  Jackson I at 585.  This aspect of Jackson I conflicts with United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir. 1992), cert. denied, 510 U.S. 895 (1993), which requires that in determining whether the offense involves conduct that presents a serious potential risk of physical injury to another, we consider only whether *the conduct described in the charging instrument* presents such a risk.  Fitzhugh describes the correct approach.  Billiot v. Puckett, 135 F.3d 311, 316 (5th Cir.)(noting that if two previous opinions conflict, the earlier controls as binding precedent), cert. denied, 525 U.S. 966 (1998). See generally the discussion of Fitzhugh and Jackson I in United States v. Jackson, 220 F.3d 635, 637-39 (5th Cir. 2000)("Jackson II"), cert. denied, 532 U.S. 988, 121 S. Ct. 1640 (2001), overruled on other grounds by Charles, at *4.

4

involves explosives nor is in the enumeration of crimes in the Guideline or its Commentary, we must determine only whether the offense "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id.

The Government maintains that burglary of a building presents the sort of risk contemplated by the Guideline. The charging instrument pertaining to defendant's prior conviction is not in the record. The Guidelines and our jurisprudence require that for this part of the analysis, we consider only the conduct charged in the count of which the defendant was convicted. We therefore must remand for resentencing. See United States v. Kinder, 980 F.2d 961, 963 (5th Cir. 1992) ("We seek justice and truth and therefore do not preclude the introduction of information helpful in determining a proper sentence."), cert. denied, 508 U.S. 923 (1993). The district court can then make the required determination whether the conduct set forth in the count of which the defendant was convicted "presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2); United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir. 1992) (restricting consideration to conduct in count, not other facts beyond the face of the indictment), cert. denied, 510 U.S. 895 (1993); Charles at *3 (same).

We therefore VACATE the judgment of sentence, and REMAND the matter for resentencing in the light of this opinion.

VACATED and REMANDED.