United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------------------

No. 02-11390

--------------------

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

versus

DAVID EARL TURNER,
Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Northern District of Texas

--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

David Turner appeals his sentence imposed by the district court after this Court vacated his initial sentence and remanded for resentencing.

## I.  Background

Turner pleaded guilty to possession of a firearm by a convicted felon.  Section 2K2.1 of the United States Sentencing Guidelines provides for a base offense level of 20 if the defendant is convicted of possessing a weapon after sustaining a felony conviction of a "crime of violence." U.S.S.G. § 2K2.1(a)(4)(A) (2002).  At Turner's first sentencing hearing, the district court held that Turner's prior Texas state conviction for burglary of a building qualified as a "crime of violence"and sentenced Turner accordingly.

The issue in the first appeal was "whether a prior conviction of burglary of a building constitutes a 'crime of violence' for purposes of increasing the base offense level under the

Sentencing Guidelines." *United States v. Turner*, 305 F.3d 349, 350 (5th Cir. 2002). Application note 5 of § 2K2.1 indicates that "crime of violence" has the same meaning given the phrase in the two-pronged analysis of "crime of violence" in Section 4B1.2. *See United States v. Charles*, 301 F.3d 309, 312 (5th Cir. 2002) (*en banc*). The language of § 4B1.2 indicates that a conviction qualifying under either prong of § 4B1.2 is treated as a crime of violence. The first prong is whether the crime "has as an element the use, attempted use, or threatened use of physical force against another." U.S.S.G. § 4B1.2(a)(1) (2002). The second prong is whether the crime is one enumerated or "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2002).

In Turner's first appeal, after reviewing the relevant Texas statute, we held that "[t]he statutory elements of burglary of a building do not make it a per se crime of violence, because they do not necessarily involve use of physical force against the person of another." *Turner*, 305 F.3d at 351. A conviction for burglary of a building, therefore, does not satisfy the first prong.

We went on to note that burglary of a building in Texas is not one of the enumerated crimes listed in the second prong; therefore, we needed to determine "only whether the offense 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Turner*, 305 F.3d at 351 (*quoting* U.S.S.G. § 4B1.2(a)(2) (2002)). We remanded, however, because "[t]he Guidelines and our jurisprudence require that for this part of the analysis, we consider only the conduct charged in the count of which the defendant was convicted." *Turner*, 305 F.3d at 351; *see also Charles*, 301 F.3d at 313-14. The indictment was not included in the record.

On remand, the indictment and judgment from Turner's prior felony conviction were

presented to the district court. Complicating matters, however, was that Turner was charged with "burglary of a habitation," but, pursuant to a plea bargain, Turner pleaded guilty to and was convicted of the lesser included offense of "burglary of a building." Nonetheless, the district court held that Turner's prior offense was a crime of violence because, under our precedent, burglary of a habitation is categorically a crime of violence. *See United States v. Horsby*, 88 F.3d 336, 339 (5th Cir. 1996). Turner claims the district court erred by considering the offense charged because he was convicted only of a lesser included offense.

## II. Analysis

We review the district court's application of the Sentencing Guidelines *de novo*. *Charles*, 301 F.3d at 312.

"[I]n determining whether an offense is a crime of violence under § 4B1.2 or § 4B1.1, we can consider only conduct set forth in the count of which defendant was convicted, and not the other facts of the case." *Id*. at 313 (quotation omitted). That is, "a crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person. Injury to another need not be a certain result, but it must be clear from the indictment that the crime itself or the conduct specifically charged posed this serious potential risk." *Id*. at 314.

We address for the first time in this circuit what import the charging instrument should have upon a sentencing court's analysis of whether a prior conviction was a conviction of a crime of violence in a case where the defendant was convicted of a lesser included offense. Application note 2 of § 4B1.2 makes clear that we are to look only to "the conduct of which the defendant was convicted." "The guidelines therefore prohibit a wide ranging inquiry into the specific

3

circumstances surrounding a conviction in determining whether an offense is a crime of violence." *United States v. Martin*, 215 F.3d 470, 472-73 (4th Cir. 2000) (quotation omitted). An allegation in an indictment alone does not satisfy this requirement. "Thus, a district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted." *United States v. Spell*, 44 F.3d 936, 940 (11th Cir. 1995).

Because Turner pleaded guilty to a lesser included offense, and was not reindicted on that lesser count, there is no document actually charging him with the offense for which he was ultimately convicted. *See Martin*, 215 F.3d at 473. In this case, therefore, the indictment is not applicable to the analysis of whether the conviction was a conviction of a crime of violence. Absent a relevant indictment, we, therefore, reexamine the elements of the lesser included offense of which Turner was convicted under the second prong of § 4B1.2(a)(2).

We have already determined that the statutory elements of burglary of a building do not categorically constitute a crime of violence. *See Turner*, 305 F.3d at 351. Analogous to the prior vehicle theft conviction at issue in *Charles*, the elements of burglary of a building are not alone sufficient to present a serious potential risk of physical injury to another as required by § 4B1.2(a)(2). *See* Tex. Penal Code § 30.02(a) (2003). While it is easy to imagine a case of burglary of a building that carried with it the serious potential risk of physical injury to another, we cannot determine by looking to only the elements of the crime that there is any greater chance of physical harm to another in burglarizing a building than in stealing a car and driving it. In *Charles* we found car theft poses no such threat. 301 F.3d at 314; *but see Charles*, 301 F.3d at 314-15 (Barksdale, J., dissenting). Unless something outside of the indictment or judgment of conviction is considered, Turner's burglary conviction cannot be considered a conviction of a

4

crime of violence.

The government urges us to look to the Presentence Investigation Report ("PSR"). The government relies upon *United States v. Gacinik*, 50 F.3d 848, 856 (10th Cir. 1995), which allowed the district court to look to the unchallenged facts recited in a PSR. *Gacinik* rejected the defendant's contention that "the district court should have limited its inquiry into the conduct set forth in the predicate count of conviction." *Gacinik*, 50 F.3d at 856. The government acknowledges that the use of facts recited in a PSR has been rejected elsewhere. *See United States v. Arnold*, 58 F.3d 1117, 1122 (6th Cir. 1995) ("[T]he district court's reliance on the presentence investigation report was outside the scope of its discretion").

Our earlier decision in *Charles*, however, precludes us from adopting the position taken by the Tenth Circuit in *Gacinik*.[1] *Charles* proscribes the examination of anything other than the indictment, which is not applicable in this case, and the elements of the crime of conviction. 301 F.3d at 313-14. The PSR by its nature incorporates many facts not charged in the indictment. *See* Fed. R. Crim. Pro. 32(d) (2003). The PSR, therefore, may not serve as the basis for finding that a prior conviction was of a crime of violence.

### III. Conclusion

Under the scenario presented here, reliance on the indictment is inappropriate. We, therefore, have looked to the elements of the crime of conviction. Such elements do not support

---

[1] We note that the probation officer did not take a position in the PSR as to the veracity of the indictment's charge that Turner committed burglary of a dwelling. The PSR correctly noted that Turner was only convicted of burglary of a building, and scores Turner's base offense level at 14, thereby indicating that the prior conviction was not burglary of a dwelling. Moreover, defense counsel objected at the first sentencing hearing to the district court's characterization of Turner's prior conviction as a crime of violence. Therefore, the Tenth Circuit's permissive view allowing consideration of the PSR for unchallenged facts would be unavailing even if we adopted it.

a holding that Turner's prior conviction of burglary of a building was a conviction of a crime of violence for the purposes of § 4B1.2(a)(2) and § 2K2.1. Accordingly, we vacate Turner's sentence and remand for resentencing in light of this opinion.

VACATED and REMANDED.