CARL E. STEWART, Circuit Judge,
concurring in part, and dissenting in part:
I agree with the majority that we should affirm the conviction. I also agree that the appellate record in this case does not allow us to clearly discern what paragraph of 18 Pa. Cons.Stat. § 2706 Martinez-Para-mo was convicted under, and that § 2706 does not define crime of violence. I acknowledge that United States v. Turner, 305 F.3d 349, 351 (5th Cir.2002) (“Turner /”), and United States v. Turner, 349 F.3d 833, 836 (5th Cir.2003) (“Turner II”), allow remands in certain circumstances. I do not agree that either Turner I or Turner II command that we do so here. For the following reasons, I respectfully dissent from the majority’s determination to remand the case for the Government to take another bite at the sentencing apple.
On appeal, the Government strenuously argues that on remand it should be allowed to buttress its claim that the crime of violence sentence enhancement applies in this case. When the Government initiated its prosecution of Martinez-Paramo, it decided to rely on Bovkun v. Ashcroft, 283 F.3d 166 (3d Cir.2002), as the primary basis for its sentence enhancement argument. Bovkun addressed a different version of the terroristic threats statute than is at issue here. It held that a crime of violence under 18 U.S.C. § 16(a) is defined as, “an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.” Under U.S.S.G. § 2L1.2, the sentencing guideline at issue here, the force must be against a person, while under § 16(a), it can also be against property. Bovkun is clearly distinguishable and therefore it does not control the outcome of this case. I agree with the majority here that the district court erred in holding that Bovkun supported the Government’s crime of violence sentence enhancement.
I depart from the majority, however, in concluding that a remand for supplementation of the record is proper in this case. Unlike the cases cited by the majority where we have remanded the sentencing enhancement issue to the district court for additional findings, there has been no intervening case law whatsoever between the sentencing hearing and this appeal that would require remand as a matter of law. Though Fifth Circuit case law regarding the application of the crime of violence enhancement provisions remains unsettled, the state of the case law had no bearing on the Government’s litigation de *807 cisions. I would hold the Government to the measure of proof it offered to the district court and the legal theory it rested upon. I am not persuaded that remanding the case for an unconditional supplementation of the record is warranted here.
Significantly, the majority’s remand places no limits on how large the Government’s additional bite at the sentencing apple may be. The majority states “we remand to the district court for the Government to supplement the record, if it can, with charging documents, as well as others, which may establish to which elements Martinez-Paramo pleaded guilty.”[1] (Emphasis added.) Such an unlimited invitation is unwarranted by the facts of this case. Moreover, even if we take the Government at its word that the indictment or other charging documents are available to the district court upon remand, the sentencing inquiry does not end. Further parsing of the statute and examination of the pertinent cases in search of a match between the elements of the crime' Martinez-Paramo pled guilty to and the crime of violence statute are inevitable. Another appeal of the district court’s ultimate determination is equally probable. On this record, I would affirm the conviction and hold that the Government failed to sustain its burden of proof to show that Martinez-Paramo’s conviction under § 2706 qualifies as a crime of violence under U.S.S.G. § 2L1.2, comment (B)(ii)(I). Because the district court committed reversible error, I would vacate the sentence and remand for sentencing consistent with our findings. Accordingly, I concur in part and dissent in part.

. See majority opinion at 805.