United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-41774

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURO EDULIO JIMENEZ-BANEGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. 1:05-CR-122)

_____

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Mauro Edulio Jimenez-Banegas (Jimenez) pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326. The district court enhanced Jimenez's sentence upon determining that Jimenez's prior conviction for attempted third degree sexual abuse was a crime of violence. Jimenez appeals this determination. For the reasons that follow, we affirm.

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

## I. FACTS AND PROCEEDINGS

Jimenez pleaded guilty to illegal reentry subsequent to an aggravated felony conviction. The PSR assessed a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a). Sixteen levels were added pursuant to § 2L1.2(b)(1)(A) based on a prior conviction for a crime of violence: attempted third degree sexual abuse in the District of Columbia, D.C. CODE § 22-3004. Three levels were subtracted pursuant to § 3E1.1 for acceptance of responsibility, resulting in a total offense level of twenty-one. Six criminal history points established a criminal history category of III. The guideline range of imprisonment was forty-six to fifty-seven months.

Jimenez objected to the crime of violence enhancement. He also objected to his sentence on the basis that § 1326(b) was unconstitutional, but he conceded that this argument was foreclosed. The government filed a response to Jimenez's objections, argued that the enhancement was correctly applied, and provided the district court with the indictment, guilty plea transcript, and docket sheets from the court file of the Superior Court of the District of Columbia in the attempted sexual abuse case against Jimenez.

The district court overruled Jimenez's objection and sentenced Jimenez to forty-six months of imprisonment followed by three years of supervised release. The district court found, alternatively, that if attempted third degree sexual abuse was not a crime of violence, the prior conviction merited an eight-level enhancement as an aggravated felony under § 2L1.2(b)(1)(C). *See* U.S.S.G. § 2L1.2, cmt. n.3(A). The district court stated that in the event of an eight-level enhancement and a revised guideline range of imprisonment of eighteen to twenty-four months, it would sentence Jimenez to eighteen months of imprisonment. The district court overruled Jimenez's constitutional challenge to

2

§ 1326(b). Jimenez timely appealed the crime of violence enhancement.[1]

## II. STANDARD OF REVIEW

Both after *Booker* and before, the district court's application of the guidelines is reviewed de novo. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006).

## III. DISCUSSION

Section 2L1.2(b)(1)(A)(ii) provides for a sixteen level enhancement to a defendant's offense level when a defendant was previously deported after a conviction for a "crime of violence." A conviction can qualify as a "crime of violence" under this provision in one of two ways. First, it qualifies if the conviction is one of the enumerated offenses. *See United States v. Garcia-Mendez*, 420 F.3d 454, 456 (5th Cir. 2005). The enumerated offenses include "forcible sex offenses." U.S.S.G. § 2L1.2, cmt n.1(B)(iii). Second, if the conviction is not one of the enumerated offenses, it still qualifies if it is "any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt n.1(B)(iii); *see Garcia-Mendez*, 420 F.3d at 456. An attempt to commit a crime of violence is also a crime of violence. U.S.S.G. § 2L1.2, cmt. n.5. The district court did not specify whether Jimenez's prior conviction qualified as a crime of violence because it was an enumerated offense or because it involved the use, attempted use, or threatened use of physical force.

This court has described the term "forcible" in "forcible sex offense" as approximating the concept of forcible compulsion and requiring force or threatened force extrinsic to penetration. *United States v. Sarmiento-Funes*, 374 F.3d 336, 344–45 (5th Cir. 2004). As a result, if Jimenez's

---

[1]Jimenez also asserts on appeal that the provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

prior conviction does not qualify as a crime of violence for having as an element the use or attempted use of force, then it is unlikely to qualify as a forcible sex offense. However, because we hold that Jimenez's statute of conviction has as an element the use, attempted use, or threatened use of physical force, we do not decide whether it is also a forcible sex offense.

"When determining whether a prior offense is a crime of violence because it has as an element the use, attempted use, or threatened use of force, district courts must employ the categorical approach established in *Taylor v. United States*, 495 U.S. 575 [ ] (1990)." *United States v. Gonzalez-Chavez*, 432 F.3d 334, 337 (5th Cir. 2005). Under that approach, a court determines the elements to which a defendant pleaded guilty by analyzing the statutory definition of the offense rather than the defendant's underlying conduct. *Id.* If the statute of conviction contains multiple, disjunctive subsections, "courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction." *Id.* (internal quotation omitted). Under *Shepard v. United States*, those records are generally limited to the charging document, written plea agreement, the transcript of a plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented. 544 U.S. 13, 16 (2005).

Jimenez was convicted of attempting to violate D.C. CODE § 22-3004, which defines third degree sexual abuse as engaging in or causing sexual contact with or by another person in the following manner:

> (1) *By using force* against that other person;
> (2) By threatening or placing that other person in reasonable fear that any person will be subjected to death, bodily injury, or kidnapping;
> (3) After rendering that person unconscious; or

(4) After administering to that person by force or threat of force, or without the knowledge or permission of that other person, a drug, intoxicant, or similar substance that substantially impairs the ability of that other person to appraise or control his or her conduct.

(Emphasis added).

Because § 22-3004 is defined with multiple subsections, this court must look beyond the statute of conviction to other documents in the record to determine which statutory subsection applies to Jimenez's conviction. In the original indictment, the second count (also labeled, for reasons that are unclear, count "C") charged that Jimenez

> engaged in sexual contact with Eva Rebertha Brown, that is, Mauro Jimenez-Banegas touched Eva Rebertha Brown's breast with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of Mauro Jimenez-Banegas or Eva Rebertha Brown, *by using force* against Eva Rebertha Brown. (Third Degree Sexual Abuse, in violation of 22 D.C. Code Section 3004 (2001 ed.))

(Emphasis added). The fifth count (also labeled count "F") charged that Jimenez

> engaged in sexual contact with Eva Rebertha Brown, that is, Mauro Jimenez-Banegas touched Eva Rebertha Brown's genitalia with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of Mauro Jimenez-Banegas or Eva Rebertha Brown, *by using force* against Eva Rebertha Brown. (Third Degree Sexual Abuse, in violation of 22 D.C. Code Section 3004 (2001 ed.))

(Emphasis added). The District of Columbia court docket sheet reflects that Jimenez pleaded guilty to a lesser included offense of count C: attempted third degree sexual abuse.[2] The record does not indicate whether Jimenez was reindicted on the lesser included offense and does not contain a charging document detailing the offense of conviction.

---

[2] The docket sheet abbreviates lesser included offense as "L.I.O." and provides in pertinent part: "Deft. enters plea[] . . . to L.I.O. of count 'C' (att. 3 deg. sex abuse) now count 'I'."

5

A transcript of the guilty plea hearing also reflects that Jimenez pleaded guilty to the offense of attempted third degree sexual abuse. According to the transcript, at the hearing, the prosecutor recited the factual basis, and the district court followed with two questions:

PROSECUTOR: On March 18th, 2000 and 3, between 2:30 and 3:00 p.m., [Jimenez] went to 710 Columbia Road Northwest, the home of the complainant. Mr. Banegas Jimenez, who had done some work, repair work at the complainant's home approximately a year earlier, spoke with the complainant through the storm door. Mr. Banegas Jimenez then entered the complainant's home without her permission and against her will. Mr. Banegas Jimenez then entered the complainant's home. He did enter the home voluntarily and on purpose without legal authority to do so.

Once inside the complainant's home the defendant *attempted* to touch the complainant's vagina with his hand and did so *by using force* to attempt to restrain the complainant. Mr. Banegas Jimenez attempted to touch the complainant's vagina against the complainant's will and with the intent to gratify his own sexual desire.

All these events occurred within the District of Columbia.

THE COURT: Now, Mr. Jimenez, back on March 18th did you enter the home at 710 Columbia Road against the wishes of the complainant?

DEFENDANT: Yes.

THE COURT: And did you attempt to touch her vagina against her will?

DEFENDANT: Yes.

(Emphasis added). The sentencing judge did not ask Jimenez to admit to the use of force, asking only if the touching of Brown was against her will. Jimenez's admissions did not include an explicit admission that he used, attempted to use, or threatened to use physical force to touch Brown's body.

The plea colloquy and the district court docket sheet are inconsistent as to which body part Jimenez attempted to touch. The docket sheet states that Jimenez pleaded guilty to the lesser included offense of attempt to commit the offense alleged in count "C." Count "C" alleged that Jimenez touched Brown's breast by using force against her. The plea colloquy suggests that Jimenez

6

pleaded guilty to the lesser included offense of attempt to commit the offense alleged in count "F." Count "F" alleged that Jimenez touch Brown's genitalia by using force against her. However, both counts, as well as the factual basis, alleged that Jimenez touched Brown by using force against her.

Jimenez argues that the district court erred in treating his attempted third degree sexual abuse conviction as a crime of violence under § 2L1.2(b)(1)(A)(ii). Jimenez contends that the documents submitted by the government—the indictment, transcript of the guilty plea hearing, and the district court docket sheets—are not reliable and do not permit a court to determine that his prior conviction qualifies as a crime of violence. In support, he points to the discrepancy between the factual basis presented at the guilty plea hearing and the district court docket sheet; one suggests Jimenez pleaded guilty to an attempt of the crime in count "F," and the other indicates the plea was an attempt of the crime in count "C." Jimenez cites *United States v. Gutierrez-Ramirez* for the proposition that unreliable record documents may not be considered for possible sentence enhancements. *See United States v. Gutierrez-Ramirez*, 405 F.3d 352, 357–59 (5th Cir.), *cert. denied*, 126 S. Ct. 217 (2005) (holding that a state court abstract of judgment—because its preparation represented a clerical function, and because it only summarized the judgment and would not control were it different from the trial court's oral judgment—was not reliable for the purpose of justifying a sentence enhancement). Additionally, Jimenez maintains that the factual basis offered by the prosecutor is insufficient because Jimenez did not specifically assent to it and because the district court did not later question him about whether he committed the crime with force. Jimenez argues that he did not confirm the factual basis as is required under *Shepard*. *See Shepard*, 544 U.S. at 26.

7

Finally, Jimenez asserts that the original indictment is not a reliable document for paring down the statute of conviction because he pleaded guilty to a lesser included charge for which there was no charging instrument. He cites *United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003), for the proposition that a district court may not rely on a charging instrument when the defendant was convicted of a different crime than the one originally charged.

Our objective is to identify with legal certainty the subsection of the D.C. statute under which Jimenez was convicted in order to determine whether the district court's crime of violence enhancement was sustainable. *See Gonzalez-Chavez*, 432 F.3d at 338; *United States v. Bonilla-Mungia*, 422 F.3d 316, 321 (5th Cir. 2005). To do so, we rely on "conclusive records made or used in adjudicating guilt." *Bonilla-Mungia*, 422 F.3d at 320. As stated, *Shepard* has generally defined which records are appropriate, and we have been mindful to disregard documents that do not come within *Shepard*'s parameters when they are not reliable. *See, e.g., Gutierrez-Ramirez*, 405 F.3d at 357–59 (disallowing state court abstract of judgment); *Gonzalez-Chavez*, 432 F.3d at 338 (declining to use the facts set forth in the presentence report because they were not used by the state court in adjudicating guilt).

We disagree with Jimenez's position that the factual basis presented by the prosecutor is unreliable in the instant case. This court looks to documents or evidence that were used to adjudicate guilt, and the district court clearly relied on the factual basis for this purpose. A factual basis is offered at a guilty plea hearing to allow the district court to determine if the defendant's conduct comes within the ambit of that defined as criminal. *United States v. Reasor*, 418 F.3d 466, 470 (5th Cir. 2005) (discussing FED. R. CRIM. P. 11). Here, the fact that Jimenez's actions were committed "with force" was critical to defining his conduct as criminal; without this element, Jimenez's conduct

8

would not have come within any of the four subsections of D.C. CODE § 22-3004.  Because the factual basis, in combination with Jimenez's later answers to the district court's questions, was conclusive in permitting the district court to adjudicate Jimenez's guilt, we believe it is a reliable judicial record for identifying the subsection under which Jimenez was convicted.[3]

Jimenez is correct that, under *Shepard*, the factual basis must be "confirmed" by the defendant, *see Shepard*, 544 U.S. at 26, but we do not understand *Shepard* to mean that in all cases the defendant must affirmatively and verbally state his approval following the prosecutor's recitation. After the prosecutor offered the factual basis, the district court inquired whether Jimenez touched the victim against her will, and Jimenez replied in the affirmative.  Because this admission would not alone constitute criminal conduct under the statute of conviction, the logical inference to draw from Jimenez's reply is that he was confirming the factual basis offered by the prosecutor.  This inference is underscored by the fact that Jimenez made no objections to the factual basis nor did he suggest that he caused sexual contact with the victim by one of the other prohibited statutory means, *i.e.*, by rendering her unconscious or by administering a drug.  In fact, the factual basis does not allow the possibility that Jimenez could have been convicted under one of the other three statutory subsections.[4]

---

[3]That the factual basis conflicts with the notes recorded on the district court docket sheets does not render the transcript of the guilty plea hearing unreliable because we agree with Jimenez that the district court docket sheets are not the type of judicial record that a court should consider.  *See Gutierrez-Ramirez*, 405 F.3d at 357–59; *Gonzalez-Chavez*, 432 F.3d at 338.

[4]While the transcript of the plea colloquy does not exclude the theoretical possibility that Jimenez was convicted under a different statutory subsection, this court has rejected such line of argumentation when the record adequately demonstrates which statutory subsection applies.  *C.f. United States v. Torres-Diaz*, 438 F.3d 529, 535 (5th Cir. 2006) (rejecting defendant's argument that this court should not consider the charging document simply because the record did not exclude the "theoretical possibility" that the defendant pleaded guilty to something other than the charging document).

We hold that the transcript of the guilty plea hearing allows us to conclude with legal certainty that Jimenez was convicted under subsection one of D.C. CODE § 22-3004. Subsection one contains an element of force, and, therefore, the crime of violence enhancement was justified. We do not address whether the original indictment could also have been used to inform our decision that the sentence enhancement was proper.

## IV.  CONCLUSION

The judgment of the district court is AFFIRMED.