# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2010

Charles R. Fulbruge III
Clerk

No. 08-40418

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RICARDO ESQUEDA-PINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-cr-01362

Before KING, GARZA, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Jose Ricardo Esqueda–Pina pleaded guilty to illegal reentry to the United States, in violation of 8 U.S.C. § 1326, and received a sentence of 46 months imprisonment and two years of supervised release. He now timely appeals his sentence. Esqueda–Pina contends that the district court improperly characterized his prior convictions for attempted rape and gross sexual imposition as crimes of violence and therefore erred in applying a sixteen-level enhancement under the 2007 United States Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40418

Esqueda–Pina also contends that the district court erroneously assessed an additional criminal history point, which improperly raised his criminal history category from II to III. For the following reasons, we affirm the sentence.

## I.    Factual and Procedural Background

Esqueda–Pina was charged in 2007 with illegal reentry to the United States in violation of 8 U.S.C. § 1326. He pleaded guilty on January 24, 2008, under a written plea agreement that reserved his right to appeal the sentence.

The presentence report (PSR) recommended a base offense level of eight under § 2L1.2(a) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). It also recommended a sixteen-level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii) based on a 1994 incident for which Esqueda–Pina pled guilty to attempted rape and gross sexual imposition in Ohio state court in 1997. The PSR also assessed Esqueda–Pina's criminal history as category III, premised on four total criminal history points—three under U.S.S.G. § 4A1.1(a) for the 1997 conviction, and an additional point under U.S.S.G. § 4A1.1(f) because, according to the PSR, both the attempted rape and gross sexual imposition convictions qualified as crimes of violence. The resulting Guidelines range was 46 to 57 months.

Esqueda–Pina filed a written objection to the recommended sixteen-level enhancement, arguing that the Ohio conviction for attempted rape was not a crime of violence under § 2L1.2(b)(1)(A)(ii) of the Guidelines. Esqueda–Pina did not specifically object to the characterization of his conviction for gross sexual imposition as a crime of violence, although he did argue more generally that the government did not meet its burden of proving that he had been convicted of a crime of violence under § 2L1.2(b)(1)(A)(ii). Esqueda–Pina did not object to the PSR's assessment of his criminal history category.

At the sentencing hearing, Esqueda–Pina reurged his general objection that the government had not met its burden of proof in establishing the

2

No. 08-40418

§ 2L1.2(b)(1)(A)(ii) crime of violence enhancement and his specific objection that the attempted rape conviction did not provide a basis for enhancement.  The district judge responded that "looking at it, taking a common sense approach, this does satisfy the definition of that enumerated offense.  This court does find it's a crime of violence." The court then adopted the PSR's findings of fact.  After granting a three-level reduction for acceptance of responsibility, the district court sentenced Esqueda–Pina to 46 months imprisonment (at the bottom of the Guidelines range) and two years of supervised release.  Esqueda–Pina timely appealed this sentence.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), (2).   In evaluating Esqueda–Pina's challenges to the sentence, we review the district court's factual findings for clear error and its application and interpretation of the Guidelines de novo, *United States v. Gould*, 529 F.3d 274, 276 (5th Cir. 2008), unless no timely objection was raised, in which case plain error review applies, *United States v. Gonzalez–Ramirez*, 477 F.3d 310, 311 (5th Cir. 2007).

## II.    The Crime of Violence Enhancement

Esqueda–Pina contends that neither his attempted rape nor his gross sexual imposition conviction qualifies as a crime of violence for purposes of enhancement under § 2L1.2(b)(1)(A)(ii).  This section imposes a sixteen-level enhancement if a defendant was previously deported for a crime of violence, which the Guidelines Application Notes define as:

> any of the following:   murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).  In short, an offense will qualify as a crime of violence either if it has the requisite "force" element described in the last phrase of this definition, or if it is one of the offenses specifically enumerated in this definition.  *See United States v. Rayo–Valdez*, 302 F.3d 314, 316 (5th Cir. 2002).

In determining whether an offense qualifies as a crime of violence under § 2L1.2, the court does "not look to [the defendant's] actual conduct[, but instead] consider[s] the offense categorically by looking only to the fact of conviction and the statutory definition of the prior offense." *United States v. Gomez–Gomez*, 547 F.3d 242, 244 (5th Cir. 2008) (en banc) (internal quotation marks omitted).  If some part of the statute prohibits conduct that is not a crime of violence, then a defendant's conviction under that statute is not a crime of violence unless the government can establish that the defendant was not convicted under that part. *Id*. at 244–45.  To determine the part or parts of a statute under which a defendant was convicted, the district court "can look to those facts contained in the charging papers and that are necessary to the verdict or the plea." *United States v. Carbajal–Diaz*, 508 F.3d 804, 809 (5th Cir. 2007); *see also United States v. Bonilla–Mungia*, 422 F.3d 316, 320 (5th Cir. 2005) ("If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction." (internal quotation marks omitted)).  The government must "prove by a preponderance of the relevant and sufficiently reliable evidence" the facts necessary to establish that the prior conviction was a crime of violence.  *See United States v. Andrade–Aguilar*, 570 F.3d 213, 217 (5th Cir. 2009).

## A.    Attempted Rape

Esqueda–Pina contends that his attempted rape conviction does not provide a basis for enhancement under § 2L1.2(b)(1)(A)(ii).  Esqueda–Pina was indicted for rape but pled guilty to the lesser included offense of attempted rape.

No. 08-40418

Count Two of the Ohio indictment contained the rape charge and stated, in relevant part:

> [I]n violation of section 2907.02 of the Ohio Revised Code, [Esqueda–Pina] did engage in sexual conduct, to wit: vaginal intercourse, with [the female victim], not his spouse and the said [victim] being less than thirteen (13) years of age, to wit: twelve (12) years of age, and/or . . . Esqueda having purposely compelled [the victim] to submit by force or threat of force.

The parties do not dispute that only two subsections of § 2907.02 correspond to the conduct described in the indictment. These subsections read:

> (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
> 
> . . . .
> 
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
> 
> . . . .
> 
> (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

OHIO REV. CODE ANN. § 2907.02 (1994). The 1997 judgment reflects that Esqueda–Pina "entered a plea of guilty to the stipulated lesser included offense of Count Two of the Indictment, to wit: attempted Rape, a violation of Section 2923.02 as it relates to 2907.02 of the Ohio Revised Code."[1]

Esqueda–Pina does not dispute that if he had pled guilty to an attempted violation of either § 2907.02(A)(1)(b) or § 2907.02(A)(2), the subsections that correspond to the indictment, the resulting conviction would provide a basis for

---

[1] Section 2923.02 provides in relevant part that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense." OHIO REV. CODE ANN. § 2923.02(A).

imposing the crime of violence enhancement under § 2L1.2(b)(1)(A)(ii). As to § 2907.02(A)(1)(b), this is consistent with our precedents, which hold that sexual contact with a child fulfills the enumerated offense under § 2L1.2(b)(1)(A)(ii) of "sexual abuse of a minor." *See, e.g., United States v. Najera–Najera*, 519 F.3d 509, 512 (5th Cir. 2008). As to § 2907.02(A)(2), this is consistent with the plain language of the definition of crime of violence under § 2L1.2(b)(1)(A)(ii), which states that the enhancement should apply to any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Esqueda–Pina argues, however, that it is not clear from the judgment that he pled guilty to attempt under those subsections. Esqueda–Pina points out that the judgment reflects only that he pled guilty to an attempted version of § 2907.02 generally, and argues that the judgment might therefore reflect that he pled guilty to attempting to violate a *different* subsection of that statute—one that does not qualify as a crime of violence under § 2L1.2.[2]

In support of this argument, Esqueda–Pina points to *United States v. Turner*, 349 F.3d 833 (5th Cir. 2003), in which the defendant was indicted for "burglary of a habitation"—a crime of violence under our precedents, *see United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996)—but pled guilty to the lesser included offense of "burglary of a building." *Turner*, 349 F.3d at 835–36. The judgment did not include facts indicating that the building at which the burglary occurred was a habitation. *Id.* at 836. We held that the district court erred in looking to the indictment and PSR to supply this fact, holding that the

___

[2] Esqueda–Pina contends, for example, that the subsections of § 2907.02(A) applicable to rape committed by administering a drug or intoxicant or rape committed by engaging in sexual conduct with a person whose ability to resist or consent is substantially impaired do not qualify as crimes of violence. OHIO REV. CODE ANN. § 2907.02(A)(1)(a), (b); *see also United States v. Gomez–Gomez*, 547 F.3d at 244 (rape committed by duress does not have as an element the use of physical force).

appropriate inquiry was limited to the "conduct of which the defendant was convicted." *Id.* (internal quotation marks omitted). Analyzing the general elements of the lesser-included offense of burglary of a building, we concluded that the defendant had not committed a crime of violence. *Id.* Esqueda–Pina urges that under *Turner*, this court is limited to analyzing the general elements of attempted rape in determining whether he committed a crime of violence, and that not all types of attempted rape would so qualify.

The government has not provided briefing as to whether *Turner* controls, and we decline to make that determination here. Assuming without deciding that *Turner* does prevent Esqueda–Pina's attempted rape conviction from providing a basis for enhancement under § 2L1.2(b)(1)(A)(ii), we conclude that the crime of violence enhancement was nevertheless appropriate because, as discussed below, the enhancement was supported by Esqueda–Pina's gross sexual imposition conviction.

## B.    Gross Sexual Imposition

Count Four of Esqueda–Pina's Ohio state indictment charged gross sexual imposition and stated, in relevant part:

> [I]n violation of section 2907.05 of the Ohio Revised Code[, Esqueda–Pina] did have sexual contact with [the female victim], . . . having purposely compelled Esqueda to submit by force or threat of force, and/ or the said [female victim] being less than thirteen (13) years of age, to wit:  twelve (12) years of age.

The 1997 judgment against Esqueda–Pina, in turn, reflects that he "entered a plea of guilty to Count Four of the Indictment; to wit:  Gross Sexual Imposition, a violation of Section 2907.05 of the Ohio Revised Code, a Felony of the Third degree[,] and was found guilty of said charge[ ] by the Court."

The parties do not dispute that only two subsections of § 2907.05 correspond to the conduct described in the indictment. These subsections read:

No. 08-40418

(A) No person shall have sexual contact with another . . . when any of the following applies:

> (1) The offender purposely compels the other person . . . to submit by force or threat of force[; or]
>
> . . .
>
> (4) The other person . . . is less than thirteen years of age, whether or not the offender knows the age of that person.

OHIO REV. CODE ANN. § 2907.05(A).[3]  Of these subsections, only subsection (A)(4)—sexual contact with a person less than thirteen years of age—is a third degree felony; all other subsections in § 2907.05(A) are fourth degree felonies. *Id.* § 2907.05(B).

The parties also do not dispute that if Esqueda–Pina was convicted under subsection (A)(4), the crime of violence enhancement properly would apply. This is consistent with our precedents, which show that sexual indecency or sexual contact with a minor qualifies as "sexual abuse of a minor," an enumerated crime of violence under § 2L1.2. *See United States v. Zavala–Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000) (upholding sixteen-level enhancement after holding that conviction for indecent exposure with children under the age of seventeen under Texas Penal Code § 21.11(b) qualified as "sexual abuse of a minor" under § 2L1.2); *Najera–Najera*, 519 F.3d at 512 (holding that sexual contact with a child, as defined in Texas Penal Code § 21.11(c), qualified as "sexual abuse of a minor" under  § 2L1.2; reasoning "if . . . indecent exposure absent physical contact[ ] *ipso facto* constitutes 'sexual abuse of a minor,' common sense dictates that an adult's sexual contact with a child . . . also constitutes 'sexual abuse of a minor'"); *United States v. Izaguirre–Flores*, 405 F.3d 270, 271 & n.1 (5th Cir.

---

[3] "Sexual contact," in turn, is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." *Id.* § 2907.01(B).

2005) (per curiam) (concluding that "sexual abuse of a minor" encompassed a North Carolina statute that prohibited the "willful[ ] tak[ing] or attempt[ ] to take any immoral, improper, or indecent liberties with any child . . . under the age of 16 years for the purpose of arousing or gratifying sexual desire"). There is no dispute that if Esqueda–Pina was convicted under § 2907.05(A)(4), applicable to sexual contact with a child under thirteen years of age, the sixteen-level enhancement would apply.

The parties further agree that if Esqueda–Pina were convicted under § 2907.05(A)(1) of "purposely compel[ling]" the twelve-year old girl described in the indictment "to submit by force or threat of force" to sexual contact, the crime of violence enhancement would be appropriate. This again is consistent with § 2L1.2, which applies the crime of violence enhancement to "any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Esqueda–Pina points out, however, that the indictment actually states that he "purposely compelled *Esqueda* to submit by force or threat of force." (emphasis added). He argues that because the indictment, literally read, indicates that he compelled *himself* to submit to sexual contact by force or threat of force, the indictment and guilty plea to the indictment are not reliable evidence that he "purposely compel[led] *the other person, or one of the other persons*, to submit by force or threat of force," as § 2907.05(A)(1) requires. OHIO REV. CODE ANN. § 2907.05(A)(1) (emphasis added).

The issues, then, are (1) whether it is clear from the Ohio judgment that Esqueda–Pina was convicted under § 2907.05(A)(4), applicable to sexual contact with a child age 13 or younger; and (2) if it is not clear, whether Esqueda–Pina's guilty plea to "having purposely compelled *Esqueda* to submit by force" would establish a violation of § 2907.05(A)(1) and therefore support a crime of violence enhancement.

No. 08-40418

The government urges that Esqueda–Pina must have been convicted under § 2907.05(A)(4) because the judgment reflects that he was convicted of "Gross Sexual Imposition, a violation of Section 2907.05 of the Ohio Revised Code, a Felony of the Third degree," and subsection (A)(4) is the only third-degree felony under that statute (the remaining subsections are fourth-degree felonies). OHIO REV. CODE ANN. § 2907.05(B). Esqueda–Pina counters that his conviction of a third-degree felony does not necessarily indicate that he was convicted under subsection (A)(4). He argues that the judgment may instead reflect a conviction under subsection (A)(1) to which some sort of aggravating enhancement was applied. Esqueda–Pina does not point to any statutory basis for this contention, and the face of the statute shows no basis for such enhancement. An Ohio appellate court recently noted the absence of factors that would aggravate a sentence under the statute, describing § 2907.05(A) as prohibiting different kinds of conduct, each "a separate offense, having a separate penalty," and noting that "there are no additional elements or attendant circumstances that change the penalty." *State v. Kepiro*, No. 06AP-1302, 2007 WL 2505506, at *8 (Ohio Ct. App. Sept. 6, 2007); *see also State v. Nethers*, No. 08CA-78, 2008 WL 2572105, at *7 (Ohio Ct. App. June 4, 2008) ("[T]here are no additional elements or circumstances over and above the elements of the offense set forth in . . . § 2907.05(A) that enhance the penalty for a [gross sexual imposition] conviction.").[4] The record strongly suggests that Esqueda–Pina was convicted under § 2907.05(A)(4).

Even if Esqueda–Pina's gross sexual imposition conviction was not under § 2907.05(A)(4), however, it would suffice to support the crime of violence enhancement. Esqueda–Pina concedes that an offense under § 2907.05(A)(1) would qualify as a crime of violence under § 2L1.2, but argues that no such

---

[4] *Kepiro* and *Nethers* discuss a revised version of § 2907.05(A), but the prior version, under which Esqueda–Pina was convicted, did not differ materially.

offense can be proved in this case because the indictment to which he entered a guilty plea states that he "purposely compelled *Esqueda*," rather than the twelve-year-old female victim, "to submit [to sexual contact] by force or threat of force" (emphasis added). Esqueda–Pina's counsel conceded at oral argument the obvious fact that this was a typographical error. This concession is fully supported by the indictment, which otherwise focuses exclusively on acts—rape, vaginal intercourse with a minor, gross sexual imposition, and sexual contact with a minor—that Esqueda–Pina allegedly committed against the twelve-year-old victim. The district court was entitled to find a basis for enhancement on a preponderance of the evidence. *Andrade–Aguilar*, 570 F.3d at 217. The preponderance of the evidence showed that Esqueda–Pina was indicted for purposely compelling the *victim*, and not himself, to submit by force to sexual contact. Esqueda–Pina's plea to that indictment would provide a proper basis for enhancement. Under either of the subsections, therefore, the crime of violence enhancement for the gross sexual imposition conviction was proper.

Esqueda–Pina resists this conclusion, contending that the district court did not make any findings of fact as to whether the gross sexual imposition conviction supported the crime of violence enhancement. He points to the following exchange at sentencing:

> Defense Counsel: Your Honor, we would except to the description of the facts of the conviction made the basis of the 16-level enhancement as they're described in the PSI report.

> The Court: Okay. And the objection is what? Just the lack of proof?

> Defense Counsel: Your Honor, we are actually maintaining that this is not a crime of violence and that . . . the Government has failed to meet its burden of proof with respect to that. I was provided with documentation with respect to that case, your Honor. We nonetheless believe that since it's really—was eventually a lesser included offense of the indictment, that there is no reference

to the indictment itself and that the statute is overly broad, all within the definition of a crime of violence.

The Court: Okay. I think looking at it, taking a common sense approach, this does satisfy the definition of that enumerated offense. The Court does find it's a crime of violence.

Esqueda–Pina contends, citing his counsel's reference to the "lesser included offense," that this exchange considered only whether the attempted rape conviction provided a basis for enhancement and did not reach whether the gross sexual imposition conviction would provide such a basis. He therefore urges that this court remand to the district court for findings of fact as to gross sexual imposition.

The argument that the district court did not make findings of fact as to whether the gross sexual imposition conviction provided a basis for enhancement is not persuasive. First, it is not clear that the district judge's comment that "looking at it[,] . . . this does satisfy the definition" refers only to the attempted rape conviction. Esqueda–Pina's counsel began by arguing that "the description of the facts of the conviction made the basis of the 16-level enhancement as they're described in the PS[R]"—which cited both the attempted rape and the gross sexual imposition convictions—did not support enhancement. Counsel only later raised an argument specific to the rape charge. Esqueda–Pina does not dispute that at sentencing, the district judge had before him the indictment, judgment, and PSR, which together set out the facts relevant to the gross sexual imposition conviction. The district court's comment may have indicated that the record as a whole—not just the attempted rape conviction—supported enhancement.

More importantly, Esqueda–Pina ignores that later in the hearing, the district court specifically adopted all of the factual findings contained in the PSR, which included factual findings as to the gross sexual imposition conviction

12

and its appropriateness as a basis for enhancing the sentence under § 2L1.2. This adoption established sufficient findings of fact on the gross sexual imposition issue. *See United States v. Fernandez*, 559 F.3d 303, 324 (5th Cir. 2009) ("[D]istrict courts need not ritualistically detail each possible finding. When the findings in the PSR are so clear that guesswork by the reviewing court is unnecessary, the sentencing judge may make implicit findings by adopting the PSR." (internal quotation marks omitted)). The district court did not err in applying the sixteen-level enhancement under § 2L1.2(b)(1)(A)(ii).

### III.    The Criminal History Category Assessment

Esqueda–Pina also contends that the district court erred in assessing a criminal history category of III. Esqueda–Pina concedes that he failed to raise any objection to the district court's assessment of his criminal history and that plain error review therefore applies. To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, --- U.S. ---, 129 S. Ct. 1423, 1429 (2009). Ordinarily, an error affects substantial rights only if it "'affected the outcome of the district court proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). If the appellant makes this showing, "the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett*, 129 S. Ct. at 1429 (quoting *Olano*, 507 U.S. at 736) (internal quotation marks omitted)).

Under the Guidelines, a defendant receives "3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Convictions resulting from the same charging instrument or imposed on the same day are usually counted as a single sentence. *See* U.S.S.G. § 4A1.2(a)(2). Section 4A1.1(f), however, states an exception to this general rule:

> if a defendant received two or more prior sentences as a result of convictions for crimes of violence that are counted as a single sentence (*see* § 4A1.2(a)(2)), one point is added under § 4A1.1(f) for each sentence that did not result in any additional points under § 4A1.1 (a) . . . . A total of up to 3 points may be added under § 4A1.1(f). For purposes of this guideline, "crime of violence" has the meaning given that term in § 4B1.2(a).

U.S.S.G. § 4A1.1 cmt. n.6; *see also* U.S.S.G. § 4A1.1(f). Section 4B1.2(a), in turn, defines a crime of violence as any state offense punishable by a term of imprisonment more than one year that "has as an element the use, attempted use, or threatened use of physical force" against another person or "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1), (2). Although the definitions of crime of violence in § 2L1.2 and § 4B1.2 differ slightly in "structure and syntax," other Fifth Circuit panels have determined that these differences are inconsequential and that the same analysis applies under each. *See, e.g., Rayo–Valdez*, 302 F.3d at 318. A criminal history score of 2 or 3 points yields a criminal history category of II; a criminal history score of 4, 5, or 6 points yields a criminal history category of III. *See* U.S.S.G. ch. 5, pt. A (sentencing table).

The district judge, following the PSR's recommendation, assessed 3 points under § 4A1.1 for Esqueda–Pina's 1997 Ohio conviction for attempted rape and gross sexual imposition. The district judge also assessed an additional point under § 4A1.1(f) because both the attempted rape and gross sexual imposition convictions were crimes of violence. Esqueda–Pina contends that the district court plainly erred in assessing the extra point because the government did not establish that both of these convictions were for crimes of violence.

As to the attempted rape conviction, Esqueda–Pina does not dispute that if he were convicted of attempt under either of the subsections described in the indictment (pertaining to intercourse with a child less than thirteen or intercourse compelled by force or threat of force), the sentence would qualify as

14

a crime of violence under § 4A1.1(f). He renews his argument, however, that *Turner* precludes such a finding because the 1997 judgment does not specify the subsection of § 2907.02 under which he was convicted for attempt.

On plain error review, this argument is foreclosed by our precedent. We addressed a substantially similar set of facts in *United States v. Martinez–Vega*, 471 F.3d 559 (5th Cir. 2006), in which the defendant was indicted for first degree aggravated sexual assault on a child younger than 17 in violation of Texas Penal Code § 22.021(a)(2)(B), but pled guilty to and was convicted of second degree sexual assault under Texas Penal Code § 22.011. *Id.* at 561. The judgment indicated that the plea was to "*the* lesser charge contained in the Indictment," but did not specify the subsection under which the defendant was convicted. *Id.* at 562. Citing *Turner*, the defendant argued, as Esqueda–Pina does here, that it was impossible to tell from the judgment whether he had been convicted under the subsection applicable to sexual assault of a child, or instead under some other subsection of the statute that did not qualify as a crime of violence. *Id.* at 561–62. We rejected this argument, stressing that unlike in *Turner*, the defendant had not preserved his objection to the characterization of his prior conviction as a crime of violence, so the court was "limited to plain error review." *Id.* at 563. The court observed that the judgment indicated that the defendant pled guilty to "*the* lesser charge contained in the Indictment," and reasoned that there was no plain error in the district court's conclusion that "*the* lesser charge" referred to a lesser included version of the charged offense of first degree aggravated sexual assault on a child younger than 17. *Id.* The 1997 judgment against Esqueda–Pina likewise "entered a plea of guilty to *the* stipulated lesser included offense of Count Two of the Indictment" (emphasis added). The district court did not clearly err in concluding that "the lesser included offense" referred to a lesser included offense under one of the subsections that related to the

indictment, and therefore did not plainly err in treating Esqueda–Pina's attempted rape conviction as a crime of violence under § 4A1.1.

Nor was there error, plain or otherwise, in the district court's conclusion that the gross sexual imposition conviction was a second crime of violence that rendered Esqueda–Pina eligible for a one-point enhancement under § 4A1.1(f). In contending that the gross sexual imposition conviction did not so qualify, Esqueda–Pina does not dispute that, absent the typographical error indicating that Esqueda–Pina "purposely compelled *Esqueda* to submit by force or threat of force," either of the charged offenses would provide a proper basis for concluding that Esqueda–Pina's gross sexual imposition conviction was a crime of violence.   We have already rejected the contention that this typographical error provided a basis for concluding that the conviction was not a crime of violence.   The district court's one-point enhancement under § 4A1.1(f) was proper.

## IV.   Conclusion

Accordingly, we AFFIRM the judgment of conviction and sentence of the district court.