256 N.J. Super. 202 (1992)
606 A.2d 873
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD WILLIAM RIDGEWAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1992.
Decided May 6, 1992.
*203 Before Judges KING, GRUCCIO and BROCHIN.
William B. Smith, Assistant Deputy Public Defender, argued the cause for appellant (Wilfredo Caraballo, Public Defender of New Jersey, attorney).
Mark P. Stalford, Assistant Prosecutor, argued the cause for respondent (John Kaye, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
This case requires us to decide whether certain offensive sexual conduct by an adult male in the presence of a child, age 11, constitutes the crime of sexual contact or the disorderly persons offense of lewdness.
Defendant Edward Ridgeway, age 44, pled guilty to sexual assault, a second-degree crime, in violation of N.J.S.A. 2C:14-2b. The victim was age 11 at the time of the crime. Defendant was sentenced to the Adult Diagnostic and Treatment Center at Avenel. As a repeat offender under N.J.S.A. 2C:14-6, defendant was sentenced to a five-year period of parole ineligibility.
On this appeal defendant contends that the conviction and sentence must be vacated because there was no adequate factual basis to support his guilty plea to the charge of sexual assault. Even though defendant has entered a guilty plea, he *204 retains the right to question, on appeal, the existence of a factual basis for the plea. State v. Lightner, 99 N.J. 313, 491 A.2d 1273 (1985); State v. Butler, 89 N.J. 220, 224, 445 A.2d 399 (1982); State v. Heitzman, 209 N.J. Super. 617, 620-621, 508 A.2d 1161 (App.Div. 1986), aff'd o.b. on other grounds, 107 N.J. 603, 527 A.2d 439 (1987).
Defendant's sworn testimony, which formed the basis for acceptance of his guilty plea, is as follows:
Q. Mr. Ridgeway, do you recall September 13, 1989?
A. Yes.
Q. Do you recall where you were approximately 12:40 in the afternoon?
A. Yes.
Q. Where were you?
A. Freehold.
Q. Where?
A. Right  I don't know the actual name of the street. Right here near the courthouse.
Q. Near the courthouse in Freehold Borough?
A. Yes.
Q. Were you driving some kind of vehicle?
A. Yes, I was.
Q. What kind of vehicle were you driving?
A. A 1976 Buick Electra.
Q. Was it a pick-up truck or a car?
A. No. It's a car.
Q. Can you describe what color it is?
A. It's beige, a four-door with a brown vinyl top.
Q. Okay. And what is the license plate number?
A. Offhand I can't  the number is 
Q. Okay. Now, do you recall seeing a young girl age 11 while you were driving in Freehold Borough?
A. Yes.
Q. And what happened?
A. I was driving. I pulled like to the side. I asked what time it was.
Q. You pulled over to her to where she was?
A. Yeah. It was like in the middle of the road.
Q. You called her over to the car?
A. Well, I asked what time it was and then she came over to the car.
Q. Did she stand right alongside the window?
A. Yes.
Q. Okay. And what were you doing?

*205 A. I had my pants open and I had my penis in my hand and I was playing with it.
Q. Did you say anything to her?
A. Only  the only thing I said is, you know, I said "Would you like this?"
Q. Meaning your penis?
A. Meaning the penis.
Q. Was there anything obstructing her view?
A. No.
Q. To the best of your knowledge did she see what you were doing?
A. I would say yes.
Q. Was it your intention that she see what you were doing when you called her over to the car?
A. I would say yes.
Q. And what did she do?
A. She ran.
[Defense Counsel]: Okay. Judge, that's all I have.
The Court: [Prosecutor], are you satisfied with the factual basis?
[Prosecutor]: Very.
Defendant contends that a conviction for a violation of N.J.S.A. 2C:14-2b requires actual physical contact between the perpetrator of the crime and the victim. The literal language of the statute is to the contrary. N.J.S.A. 2C:14-2b states: "An actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least 4 years older than the victim." Sexual assault is a crime of the second degree. Id. N.J.S.A. 2C:14-1d defines "sexual contact" as:
an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor. Sexual contact of the actor with himself must be in view of the victim whom the actor knows to be present....
Defendant claims that the phrase "with a victim," in N.J.S.A. 2C:14-2b, not the definition of "sexual contact," should be controlling in defining the crime. He claims that although the legislative history on any specific meaning of "with a victim" in N.J.S.A. 2C:14-2b is inconclusive, the statute should be construed strictly to condemn an offense which involves touching or coercing the victim. Otherwise construed, he claims, the statute redundantly condemns the same conduct which N.J.S.A. *206 2C:14-4 terms "lewdness," a disorderly persons offense punishable by up to six months in jail, rather than five to ten years in prison for a second-degree crime. N.J.S.A. 2C:14-4 states:
A person commits a disorderly persons offense if he does any flagrantly lewd and offensive act which he knows or reasonably expects is likely to be observed by other nonconsenting persons who would be affronted or alarmed. "Lewd acts" shall include the exposing of the genitals for the purpose of arousing or gratifying the sexual desire of the actor or of any other person.
See J. Cannel, Criminal Code Annotated, Comment N.J.S.A. 2C:14-1d, at 295 (1992) for a possible explanation of the statutory scheme based on the difference between assaultive and lewd conduct.
We reject defendant's contention for several reasons. First, the statutory language is clear. We need not resort to techniques of construction to derive a fair meaning when the language is clear as written. Our duty is to apply the language "according to its terms" when the meaning is plain and unambiguous. State v. Maguire, 84 N.J. 508, 528, 423 A.2d 294 (1980); Ingraham v. Travelers Cos., 217 N.J. Super. 126, 129, 524 A.2d 1319 (App.Div. 1987), aff'd o.b., 110 N.J. 67, 539 A.2d 733 (1988); 2A Sutherland Statutory Construction § 46.01, at 81-82 (5th ed. 1992). Secondly, Chapter 14 of the Criminal Code dealing with sexual offenses establishes a logical gradation of the type of conduct to which defendant pled guilty which depends on the age of the victim. Since the victim here was under age 13, the crime was a second-degree offense under N.J.S.A. 2C:14-2b. If the victim had been age 13 to 16 the crime would have been a fourth-degree offense under N.J.S.A. 2C:14-3b[1] and N.J.S.A. 2C:14-2c(5).[2] If the victim had been older than age 16, the conduct would have been a disorderly persons offense under N.J.S.A. 2C:14-4. The statutory design *207 to punish with greater severity where the victim is younger is both explicit and rational. See generally J. Cannel, supra, Comment N.J.S.A. 2C:14-1, at 293, 299-300 (1992).
Affirmed.
NOTES
[1] "An actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2c. (1) through (5)."
[2] "The victim is at least 13 but less than 16 years old and the actor is at least 4 years older than the victim."