9 A.3d 190 (2010)
417 N.J. Super. 219
STATE of New Jersey, Plaintiff-Appellant,
v.
James LEE, Defendant-Respondent.
No. A-1246-09T2.
Superior Court of New Jersey, Appellate Division.
Submitted October 20, 2010.
Decided December 17, 2010.
Robert D. Laurino, Acting Essex County Prosecutor, attorney for appellant (Debra G. Simms, Special Deputy Attorney General, Acting Assistant Prosecutor, of counsel and on the brief).
*191 Yvonne Smith Segars, Public Defender, attorney for respondent (Robert L. Sloan, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges FUENTES, GILROY and ASHRAFI.
The opinion of the court was delivered by
ASHRAFI, J.A.D.
The State appeals from an order of the Law Division dismissing a one-count indictment. We affirm.
Our standard of review is plenary from a question of law. We must interpret provisions of New Jersey's Code of Criminal Justice (the Code) to determine whether a defendant who knowingly masturbates within view of a non-consenting adult has committed criminal sexual contact in violation of N.J.S.A. 2C:14-3b, a crime of the fourth degree, or only the disorderly persons offense of lewdness in violation of N.J.S.A. 2C:14-4. We agree with the Law Division's ruling that the conduct alleged against defendant does not prove all the essential elements of criminal sexual contact.
The State presented two witnesses to the grand jury. The adult female victim testified that she was a student at Essex County Community College. At about 6:50 a.m. on February 11, 2008, the victim stepped into an elevator on her way to class. A man also got into the elevator. As the elevator was ascending, the victim looked toward the man and saw that his penis was exposed, and he was "touching himself," masturbating. The man followed the victim off the elevator as she hurried to her class. She reported the incident to campus security the same morning.
Detective Nathan Gonzalez of the college police testified that he viewed surveillance videotapes of the area of the elevator. On the tapes, he saw a man enter and leave the elevator together with the victim and later identified that man as defendant James Lee. Upon questioning, defendant admitted he had been on the elevator at the time of the incident but denied he had been masturbating. He said he was "just adjusting himself."
The grand jury returned a one-count indictment charging defendant with fourth-degree criminal sexual contact in violation of N.J.S.A. 2C:14-3b. Defendant moved to dismiss the indictment on the ground that the evidence did not establish all the essential elements of an offense under that statute. The trial court heard argument and granted the motion by oral decision on September 14, 2009, and an order executed the following day.
N.J.S.A. 2C:14-3b, states:
An actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2 c.(1) through (4).
Criminal sexual contact is a crime of the fourth degree.
The term "sexual contact" is defined in N.J.S.A. 2C:14-1d as:
an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor. Sexual contact of the actor with himself must be in view of the victim whom the actor knows to be present.

[Emphasis added.]
"Intimate parts" is defined in N.J.S.A. 2C:14-1e as "sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person." Thus under the Code, intentional touching by the actor of his *192 own intimate parts, such as masturbation, can constitute criminal sexual contact if it occurs "under any of the circumstances set forth in section 2C:14-2 c.(1) through (4)."
The cross-referenced statute, N.J.S.A. 2C:14-2, delineates the first-degree crime of aggravated sexual assault and the second-degree crime of sexual assault. Subsection c of that statute provides:
c. An actor is guilty of sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:
(1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury;
(2) The victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status;
(3) The victim is at least 16 but less than 18 years old and:
(a) The actor is related to the victim by blood or affinity to the third degree; or
(b) The actor has supervisory or disciplinary power of any nature or in any capacity over the victim; or
(c) The actor is a resource family parent, a guardian, or stands in loco parentis within the household;
(4) The victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim.
[Emphasis added.]
The State acknowledges that subsections (2) through (4) of the statute do not apply to this case. The victim was an adult and none of the other listed relationships or conditions existed. Rather, the State argues that subsection c(1) applies to defendant's conduct. That subsection requires evidence that defendant used physical force or coercion in committing the offense.[1]
The State does not allege that defendant committed criminal sexual contact by means of coercion of the victim. The word "coercion" has specifically detailed meanings in the Code, none of which appear to be applicable to the facts here. See N.J.S.A. 2C:14-1j and 2C:13-5.[2]
Defendant asserts that the State's evidence also fails to show use of physical force in his conduct. He never touched the victim, never made any threat to her, and, in fact, never otherwise made any form of communication to her. Defendant's only conduct was the alleged act of masturbation in view of the victim. Defendant contends that under the holding of State v. Thomas, 166 N.J. 560, 767 A.2d 459 (2001), the State was required to but did not present evidence of physical force besides defendant's touching himself. In Thomas, the Court held that categorizing a sexual assault as a "violent crime" under the former version of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 (L. 1997, c. 117, § 2, amended by L. 2001, c. 129, § 1), required proof of physical force or threat of immediate force separate and in addition to the sexual conduct itself. 166 N.J. at 573-74, 767 A.2d 459.
*193 The Code does not define the term "physical force." The State contends that defendant's conduct included the use of "physical force" as that term was interpreted by our Supreme Court in State in the Interest of M.T.S., 129 N.J. 422, 609 A.2d 1266 (1992). We agree with the State that M.T.S. equated "physical force" in the sexual offense statutes with an act of sexual contact or penetration and the absence of affirmative and freely-given consent by the alleged victim. Id. at 444, 609 A.2d 1266. The Court held that the State was not required to prove physical force "extrinsic of the sexual act." Ibid. See also State v. Triestman, 416 N.J.Super. 195, 220-21 (App.Div.2010) (no separate physical force needed to prove criminal sexual contact where defendant touched adult victim's breast and attempted to kiss her).
But in M.T.S., the Court reached its holding in the context of penetration of the victim, not the defendant's touching himself. The Court reviewed development of the law of sexual offenses and the Code's objective of protecting the "bodily integrity of the victim." M.T.S., supra, 129 N.J. at 431-39, 609 A.2d 1266. The Court's analysis focused on personal bodily privacy and the common law offense of battery as the analogue of modern sexual assault statutes. Id. at 442-43, 609 A.2d 1266. It concluded that the Legislature intended to depart from the historical requirement that a victim actively resist force in order to prove she had not consented to invasion of her bodily integrity. Id. at 444-45, 609 A.2d 1266.
Here, we have no issue about either consent or bodily integrity of the victim. There is no question that the victim did not consent to the alleged conduct of defendant in the elevator.[3] However, there was also no invasion of the victim's personal bodily integrity. Defendant's conduct appears to have been an affront to the victim's mental and emotional sensitivity, and perhaps her psychological health, but her body was not invaded. There was no battery. The analysis and reasoning discussed in M.T.S. do not apply to the circumstances of this case.
The Supreme Court held in Thomas, supra, 166 N.J. at 571, 767 A.2d 459, that "physical force" can have different meanings "when defining the phrase as an element in various crimes." We conclude that, as an element of fourth-degree sexual contact when the touching is of the actor himself, the phrase "physical force" means a force other than the touching.
In reaching that conclusion, we have considered prior cases involving public masturbation. In State v. Zeidell, 154 N.J. 417, 713 A.2d 401 (1998), the defendant had masturbated on a boardwalk in view of two young children on the beach, but he stood seventy-five feet from the children and did not overtly direct his conduct at them. Id. at 420-21, 713 A.2d 401. The Court held that the defendant was properly convicted under N.J.S.A. 2C:14-2b, which elevates criminal sexual contact with a victim less than thirteen years old to second-degree sexual assault. Id. at 433-35, 713 A.2d 401.
Similarly, in State v. Ridgeway, 256 N.J.Super. 202, 606 A.2d 873 (App.Div.), certif. denied, 130 N.J. 18, 611 A.2d 656 (1992), we held that the defendant could be convicted under the sexual assault statute for masturbating inside his car but in view *194 of an eleven-year-old girl, although he never touched the child. In State v. Breitweiser, 373 N.J.Super. 271, 861 A.2d 176 (App.Div.2004), certif. denied, 182 N.J. 628, 868 A.2d 1031 (2005), we held that the defendant's approaching within one foot of an eight-year-old girl in a supermarket and masturbating with his hand "through his jeans" could support conviction for sexual assault even if the girl did not actually see defendant's conduct. Because of the age of the victims, these cases did not require proof of physical force or coercion under N.J.S.A. 2C:14-2c(1). Cf. State v. Hackett, 323 N.J.Super. 460, 733 A.2d 554 (App.Div.1999), aff'd, 166 N.J. 66, 764 A.2d 421 (2001) (defendant was guilty of fourth-degree lewdness under N.J.S.A. 2C:14-4b for standing naked at window of his house in view of children at school bus stop).
Masturbation in view of a non-consenting adult can constitute a violation of the lewdness statute. In relevant part, that statute provides:
a. A person commits a disorderly persons offense if he does any flagrantly lewd and offensive act which he knows or reasonably expects is likely to be observed by other nonconsenting persons who would be affronted or alarmed.
....
c. As used in this section:
"lewd acts" shall include the exposing of the genitals for the purpose of arousing or gratifying the sexual desire of the actor or of any other person.
[N.J.S.A. 2C:14-4.]
We are aware that in Zeidell, supra, the Court stated "lewdness is limited to exposing or displaying an actor's intimate parts rather than touching them." 154 N.J. at 431, 713 A.2d 401. The lewdness statute, however, can apply where the actor touches his own intimate parts, either while exposed or even without exposing them, such as over clothing. To violate the lewdness statute, the actor must commit a flagrantly offensive act, generally involving sexuality or nudity, see 1971 Commission Commentary, reproduced in Cannel, New Jersey Criminal Code Annotated, comment 1 on N.J.S.A. 2C:14-4 (2007), and he must do so with knowledge that non-consenting persons would be affronted and alarmed by the conduct. See id. comment 3 on N.J.S.A. 2C:14-4 ("where the victim is older than 16 and is neither incapacitated nor institutionalized, although the act is `sexual contact' under 2C:14-1, it does not rise to the level of `criminal sexual contact' under 2C:14-3 there being no physical force or coercion, and the actor would only have been liable under 2C:14-4(a)").
Conversely, a person's touching his own intimate parts within view of a non-consenting adult is not sufficient to prove criminal sexual contact. Sexual contact requires proof that the touching occurred "for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor." N.J.S.A. 2C:14-1d. Thus, if defendant was merely "adjusting himself" without the requisite purpose, he would not be guilty of fourth-degree criminal sexual contact. Such conduct might fit the language of the lewdness statute.
Our reading of the statutes does not differentiate in degree of severity between a defendant who merely exposes an intimate part and one who engages in the additional act of masturbation in view of an adult. If a more severe penalty is appropriate for masturbation within view of a non-consenting adult, the Legislature should enact provisions that clearly indicate so.
We hold that where a defendant's sexual contact is with his own intimate parts in *195 view of an adult victim, conviction on a charge of criminal sexual contact under N.J.S.A. 2C:14-3b and 2C:14-2c(1) requires proof of physical force or coercion beyond defendant's act of touching himself. Without such evidence, defendant's conduct does not prove all the essential elements of fourth-degree criminal sexual contact.
Affirmed.
NOTES
[1] In requesting that the grand jury consider a charge of criminal sexual contact, the prosecutor instructed the grand jury on the definition of "sexual contact" as stated in N.J.S.A. 2C:14-1d but did not give instructions on the provisions of N.J.S.A. 2C:14-2c(1) pertaining to use of physical force or coercion as an element of the offense.
[2] Although arranging for one's presence in a confined space such as an elevator with an unwilling person might be considered a form of coercion, the statutory provisions do not seem to support that construction of "coercion." The State has not argued that defendant coerced the victim by manipulating her presence with him in the elevator.
[3] We have no occasion on this appeal to consider whether the holding of M.T.S., supra, 129 N.J. at 444, 609 A.2d 1266, judicially imposed a burden on the defense that is not included in the Code by requiring proof that consent to any sexual act be affirmatively givenas opposed to the victim's silent acquiescence being offered by the defense as evidence of consent under N.J.S.A. 2C:2-10.