# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41161

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR ALFONSO MONTEROLA-MATA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-953-1

Before STEWART, Chief Judge, and BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

Regarding the contested application of a 16-level sentencing enhancement that required a "crime of violence" prior to the underlying federal offense for illegal reentry, primarily at issue is whether the elements of the prior state statute of conviction categorically match the elements of the Sentencing Guidelines enhancement. In challenging the enhancement, which

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-41161

was based upon his state-court conviction for aggravated criminal sexual contact, Victor Alfonso Monterola-Mata claims that conviction cannot constitute the requisite "crime of violence". AFFIRMED.

I.

Monterola was convicted of being unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Based on his being an alien unlawfully in the United States following deportation, with a prior New Jersey conviction for aggravated criminal sexual contact, his Presentence Investigation Report (PSR) recommended a 16-level, crime-of-violence enhancement, pursuant to Guideline § 2L1.2(b)(1)(A)(ii) ("[i]f the defendant previously was deported . . . after a conviction for a felony that is . . . a crime of violence . . . increase by 16 levels"). Monterola filed a written objection to the recommended enhancement, maintaining it did not apply because the New Jersey statute of conviction incorporated conduct that, according to Monterola, fell outside the Guidelines' definition of a "crime of violence".

Responding to the objection, an addendum to the PSR stated Monterola's aggravated-criminal-sexual-contact conviction resulted from violation of a New Jersey statute, § 2C:14-3(a) ("sexual contact" is "aggravated" when committed under the circumstances enumerated in § 2C:14-2(a)). N.J. Stat. Ann. § 2C:14-3(a). As discussed and quoted below, the addendum noted an individual could violate § 2C:14-3(a) by committing any of the offenses listed under § 2C:14-2(a)(2)–(7); relevant here, § 2C:14-2(a)(6) involves the use of physical force or coercion, resulting in severe personal injury to the victim. Along that line, the addendum referenced Monterola's New Jersey plea form and stated: according to that form, Monterola "pled guilty to the amended charge of 2C:14-3(a)(6)"; "[a] review of the statute indicates that a person is guilty of aggravated criminal sexual contact if he commits an act of sexual contact with the victim

2

under any of the circumstances set forth in 2C:14-2a. (2) through (7)"; "[t]he Plea Form narrows the [§ 2C:14-3(a)] conviction to subsection (6) which indicates the actor uses physical force or coercion and severe physical injury is sustained by the victim"; and, "[t]herefore, there is sufficient documentation available to determine that the defendant's New Jersey conviction is an enumerated crime of violence and the 16-level enhancement is warranted".

The referenced plea form was a printed document with spaces to be filled in, including for the specifics of the offense. Handwritten under "Nature of the Offense" was "2C:14-3(a)(6)". As discussed *infra*, § 2C:14-3(a) does not contain any subsections; accordingly, the statute cited in the plea form, § "2C:14-3(a)(6)", does not exist. In any event, the plea form, which was in both English and Spanish, was initialed by Monterola, and signed by him and his attorney.

The PSR addendum additionally stated supporting documents, including the plea form, were provided to the parties in advance of Monterola's sentencing hearing. According to Monterola, however, the plea form was not in either the referenced supporting documents or the record at sentencing. But, Monterola did not file objections to the addendum, including its substance or any lack of the documents referred to in it.

Neither Monterola nor the Government expressly referenced the addendum at sentencing. Instead, Monterola relied upon his state-court judgment, contending his § 2C:14-3(a) conviction was not a "crime of violence" under Guideline § 2L1.2(b)(1)(A)(ii) because the New Jersey statute criminalized conduct falling outside that definition. In doing so, he stated the statute "[did] not meet the elements of a crime of violence". Asserting that the statute "[could] be committed by the perpetrator engaging in the act by touching himself and then being in the view of the victim, but not necessarily being viewed by the victim", Monterola maintained: "[W]e don't have [a

document] that necessarily pares down what [Monterola] necessarily pled [guilty] to".

The Government countered:  any of the circumstances listed under § 2C:14-2(a)(2)–(7), as incorporated by § 2C:14-3(a), fit the Guideline definition of a "crime of violence".  In doing so, the Government detailed each of those six subsections, including (a)(6), saying it concerned "physical force, or severe personal injury".  After describing subsection (a)(7), the Government stated: "So the Government's position is through any of those subsections, it is either sexual abuse of a minor, a forcible sex offense, or just an offense where there was the element or [sic] attempted use or threatened use of physical force".  Therefore, it urged the enhancement was appropriate.

Monterola declined to respond to the Government's position.  Characterizing that position as "persuasive", the district court stated the enhancement was merited, but did not specify which portion of the New Jersey statute constituted the requisite "crime of violence".  The court then stated it understood:  the victim of Monterola's state crime was a 14-year-old girl, who would have been in the eighth grade at the time of the offense; and Monterola was 21-years old at that time, meaning he was seven years older than his victim.  Monterola did not contest that understanding.

After Monterola presented mitigating matters, including allocution, the court adopted the PSR's factual findings.  Upon concluding the advisory sentencing range was appropriate under 18 U.S.C. § 3553(a) (sentencing factors), the court sentenced Monterola to 46 months' imprisonment.

Following Monterola's appeal, the Government moved to supplement the appellate record with Monterola's plea form for his prior New Jersey conviction.  Monterola did not object, and the motion was granted.

No. 14-41161

II.

In contesting the 16-level enhancement, Monterola maintains:  his conviction under § 2C:14-3(a) does not satisfy the Guidelines' definition of a "crime of violence" because the statute of conviction incorporates conduct falling outside that definition; and the error resulting from the enhancement was not harmless.  The Government asserts, for the first time:  Monterola's conviction can be narrowed based upon his plea form; and the resulting narrowed conviction qualifies as a "crime of violence" under Guideline § 2L1.2(b)(1)(A)(ii).  (Because we uphold the enhancement on this basis, we need not reach the parties' contentions concerning other portions of the definition of "crime of violence" listed in § 2L1.2(b)(1)(A)(ii), or harmless error.)

A.

Prior to analyzing whether Monterola's state-court conviction qualifies as the requisite "crime of violence", we must decide whether his conviction can be narrowed.  As discussed *infra*, narrowing is appropriate when the statute for the prior conviction contains separate offenses, some of which may fall outside the Guidelines' definition of a "crime of violence".  Narrowing, through the use of extrinsic sources, allows deciding the specific part of a statute for which the defendant was convicted.

In determining the enhancement applied, and although the addendum discussed narrowing, the district court did not mention narrowing Monterola's state-court conviction.  Similarly, neither Monterola nor the Government expressly presented any contentions at sentencing about this procedure.  (Arguably, the procedure was addressed implicitly, as shown in the earlier extensive quotations from the addendum and sentencing.)

A district court's interpretation or application of the advisory Guidelines is reviewed *de novo*.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  On the other hand, factual findings are reviewed for clear error.

No. 14-41161

*Id.* Issues not properly preserved, however, are reviewed only for plain error. *See, e.g., United States v. Musa,* 45 F.3d 922, 924 n.5 (5th Cir. 1995). In order to preserve a challenge to information contained in the PSR, a defendant must present an objection in district court, in a manner that puts that court on notice of any potential error. *E.g., United States v. Ocana,* 204 F.3d 585, 589 (5th Cir. 2000); *see United States v. King,* 773 F.3d 48, 52 (5th Cir. 2014), *cert. denied* 135 S.Ct. 1865 (2015).

1.

Accordingly, the initial question is whether Monterola's failure to object in district court to narrowing his conviction necessitates plain-error review. In that regard, although the district court, Monterola, and the Government failed to expressly mention that procedure, it was discussed in the addendum to the PSR. (Again, it was arguably addressed implicitly at sentencing.) The addendum stated Monterola's § 2C:14-3(a) conviction could be narrowed through his plea form, which stated he pleaded guilty to "§ 2C:14-3(a)(6)", as quoted *supra.* The addendum also stated Monterola had been provided with a copy of that form. As noted, Monterola did not object to the addendum.

Instead, he based his challenge at sentencing on the offense listed in his state-court judgment, § 2C:14-3(a) ("sexual contact" is "aggravated" when committed under the circumstances established in § 2C:14-2(a)), and did not mention either the addendum or the plea form. In his reply brief here, Monterola belatedly asserts: that form was not properly before the district court; and, regardless, it is insufficient to narrow his state-court conviction.

Although he had several opportunities in district court to present these contentions about the addendum and plea form, Monterola failed to do so. Therefore, plain-error review applies. Accordingly, Monterola must show the court committed a clear or obvious error that affected his substantial rights. *E.g., Puckett v. United States,* 556 U.S. 129, 135 (2009). (If there is a showing

No. 14-41161

of reversible plain error, we have discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (alteration in original).)

2.

As addressed *supra*, the district court adopted the factual findings of the PSR, which, of course, included those in the addendum, but did not mention the addendum's recommended narrowing of Monterola's § 2C:14-3(a) conviction by way of § 2C:14-2(a)(6). (Again, the plea form cited § 2C:14-3(a)(6) as the offense to which Monterola pleaded guilty, but there is no such statute.) In determining whether a defendant's prior conviction supports the application of a sentencing enhancement, courts employ a categorical approach. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). The relevant inquiry does not take into account a defendant's conduct, but focuses on the statute of conviction. *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004). The elements of the statute forming the basis of the defendant's conviction are compared with the "elements of the 'generic' crime—*i.e.*, the offense as commonly understood". *United States v. Teran-Salas*, 767 F.3d 453, 458 (5th Cir. 2014), *cert. denied* 135 S.Ct. 1892 (2015). State and federal offenses are only categorical matches when the state conviction involves "facts equating to the generic federal offense". *Id.* (alterations omitted).

As discussed *supra*, when the statute of conviction contains separate offenses, a court may narrow the statute through the use of extrinsic sources; these sources include, but are not limited to, charging documents and plea agreements. *Shepard v. United States*, 544 U.S. 13, 25–26 (2005). This "modified categorical approach" is used "only to determine of which subsection of a statute a defendant was convicted". *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008). And, if the statute cannot be narrowed, we must consider "whether the least culpable act constituting a violation of that

statute" constitutes a "crime of violence" under § 2L1.2(b)(1)(A)(ii). *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008).

As quoted *supra*, Monterola's New Jersey plea form states he pleaded guilty to the offense listed in "2C:14-3(a)(6)". On the other hand, Monterola's judgment states he was convicted of § 2C:14-3(a), which criminalizes aggravated criminal sexual contact. As noted, § 2C:14-3(a) does not contain any subsections; in short, § "2C:14-3(a)(6)" does not exist. In any event, § 2C:14-3(a) states: "An actor is guilty of aggravated criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in 2C:14-2(a). (2) through (7)." N.J. Stat. Ann. § 2C:14-3(a). Relevant here, § 2C:14-2(a)(6), described at sentencing by the Government, is satisfied if "[t]he actor uses physical force or coercion and severe personal injury is sustained by the victim". N.J. Stat. Ann. § 2C:14-2(a)(6).

a.

Monterola initially contends the plea form cannot be considered on appeal because, although it is in the appellate record through the Government's post-appeal, unopposed motion's being granted, it was not in the record in district court. This assertion fails for several reasons.

First, as noted, the PSR addendum stated the plea form was provided at the district-court level to all parties, and Monterola did not object in district court to this statement. Second, Monterola did not oppose the Government's motion to supplement the record with the plea form; in his reply brief here, he asserts he did not contest the motion because our court should "have all potentially relevant materials available for its consideration". As the record has been supplemented, by an unopposed motion no less, we are entitled to consider the plea form, regardless of whether it was considered by the district

court.  *United States v. Vargas-Soto*, 700 F.3d 180, 183 (5th Cir. 2012); *see United States v. Garcia-Arellano*, 522 F.3d 477, 479–80 (5th Cir. 2008).

b.

As noted, the plea form was not mentioned at sentencing.  Here, the Government contends, not unreasonably, that the form's use of "2C:14-3(a)(6)" is a short-hand method of incorporating § 2C:14-2(a)(6) into § 2C:14-3(a).  In response, Monterola maintains the plea form cannot be used to narrow his state-court conviction because it is ambiguous.  Neither party cites any relevant precedent.  Monterola additionally contends the circumstances underlying his state-court conviction do not support the Government's assertion that it falls under § 2C:14-2(a)(6).

i.

First, Monterola notes he was indicted for violating § 2C:14-2(c)(4), which prohibits sexual penetration of a victim who is at least 13, but less than 16, years old, and the actor is at least four years older than the victim.  N.J. Stat. Ann. § 2C:14-2(c)(4).  In so doing, Monterola highlights the absence in the statute of any element of force, coercion, or injury, all of which are enumerated under § 2C:14-2(a)(6).

Monterola's indictment, however, does not control, because it does not speak to the conduct of which he was convicted.  *See United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003).  For the enhancement, the indictment cannot be relied upon by the district court unless the offense charged was the one of conviction.  *Id.*  In *Turner*, the defendant pleaded guilty to a lesser-included offense than the one for which he was indicted, but the new charge was not memorialized in a second charging document.  *Id.*  In the light of this, our court held the indictment inapplicable to the district court's analysis of whether the conviction constituted a "crime of violence".  *Id.*  Monterola's contention suffers from the same flaw; although his indictment and subsequent plea form are

part of the record, the offense for which he was indicted is *not* the offense for which he was convicted.

### ii.

Second, Monterola contends the addendum's recommendation that his conviction can be narrowed through § 2C:14-2(a)(6) is contradicted by the PSR's characterization of his crime as involving "consensual sex" with a 14-year-old girl.  By his own admission, however, a district court is not permitted to rely upon a PSR's characterization of a prior offense in determining whether it supports a sentencing enhancement.  *See United States v. Garza-Lopez*, 410 F.3d 268, 273–74 (5th Cir. 2005).

### iii.

All that remains, then, is Monterola's assertion that his conviction cannot be narrowed because the plea form is ambiguous.  As discussed, prior to pronouncing sentence, the court adopted the PSR's factual findings, which included those in the addendum.  As quoted *supra*, the addendum stated Monterola's New Jersey plea form provided he pleaded guilty to § "2C:14-3(a)(6)"; that statement constitutes a finding of fact.  And, as also quoted *supra*, the addendum stated Monterola's plea form could be used to narrow his conviction to § 2C:14-2(a)(6); that is a legal conclusion.  Monterola did not object to the addendum; therefore, as discussed *supra*, plain-error review applies.

As also discussed, for an error to be "plain", it must be "clear" or "obvious"; in short, it cannot be subject to reasonable dispute.  *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009) (citing *Puckett*, 556 U.S. at 135).  Furthermore, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error".  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

No. 14-41161

Therefore, any challenge to the district court's consideration of the addendum's findings of fact concerning the contents of Monterola's plea form cannot be plain error, because any factual disputes were capable of resolution by the district court, upon proper objection. *Id.* Regarding consideration of the plea form itself, at a minimum, a reasonable dispute exists over whether the nonexistent, but *not* objected to, "2C:14-3(a)(6)" can be used as a reference for the conduct proscribed in § 2C:14-2(a)(6). *See Ellis*, 564 F.3d at 377–78 (error is not plain where we must traverse a convoluted "decisional path" in order to resolve a close legal question). Because the district court's adopted facts from the addendum cannot constitute the requisite "clear" or "obvious" error, the conduct proscribed by § 2C:14-2(a)(6) can be used to narrow Monterola's § 2C:14-3(a) conviction.

B.

Accordingly, having narrowed Monterola's conviction to the conduct proscribed by § 2C:14-2(a)(6), it must be determined whether that statute is a match for Guideline § 2L1.2(b)(1)(A)(ii). *See Teran-Salas*, 767 F.3d at 458.

At sentencing, Monterola did not discuss the applicability of § 2C:14-2(a)(6). Instead, he relied on his state-court judgment, and contended § 2C:14-3(a) incorporated conduct falling outside the definition of a "crime of violence". On the other hand, in describing the relevant six subsections of § 2C:14-2(a), the Government recited the definition of subsection (a)(6); but, it did not present any specific reasons why that subsection applied. Along that line, the Government contended that any of the conduct enumerated in § 2C:14-2(a)(2)–(7) would qualify as the requisite "crime of violence". And, as discussed *supra*, although the district court characterized the Government's position as "persuasive", it did not state which subsection supported the enhancement. Again, the district court's interpretation or application of the Guidelines is reviewed *de novo*. *Cisneros-Gutierrez*, 517 F.3d at 764.

11

No. 14-41161

As presented above, § 2C:14-2(a)(6), when read in conjunction with § 2C:14-3(a), provides a defendant commits aggravated criminal sexual contact if he "uses physical force or coercion and severe personal injury is sustained by the victim". N.J. Stat. Ann. § 2C:14-2(a)(6). And, Guideline § 2L1.2(b)(1)(A)(ii) states, *inter alia*, that a previously-deported defendant is subject to a 16-level enhancement for a prior conviction of a "crime of violence". U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guidelines define "crime of violence", in relevant part, as "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 2L1.2, comment n.1(B)(iii) ("sexual abuse of a minor" and "forcible sex offenses" can also qualify as a "crime of violence" and are potentially relevant; however, as noted *supra*, we need not consider them).

"Severe personal injury", as used in § 2C:14-2(a)(6), is "severe bodily injury, disfigurement, disease, incapacitating mental anguish or chronic pain". N.J. Stat. Ann. § 2C:14-1(f). "Incapacitating mental anguish" is defined as, *inter alia*, "severe emotional distress or suffering which results in a temporary or permanent inability of the victim to function in some significant aspect of her life". *State v. Walker,* 522 A.2d 1021, 1024 (N.J. Super. Ct. App. Div. 1987). Therefore, reading the definitions together, it is possible for a victim to suffer "severe personal injury" even in the absence of physical harm. Regardless, our inquiry, framed in part by Monterola's following assertions, focuses more on the cause of the injury (physical force or coercion) than on the resulting injury.

1.

Monterola contends his conviction under § 2C:14-3(a) does not meet the criteria of the above definition of "crime of violence" because the New Jersey statute of which he was convicted does not require the use, threatened use, or attempted use of physical force against another. As he did in district court, he maintains a defendant can be convicted under that statute by touching himself

in a sexual manner in the view of a non-consenting observer. This assertion, however, is predicated upon his belief that the statute of conviction cannot be narrowed. As held *supra*, Monterola's conviction has been narrowed to subsection (6) of § 2C:14-2(a), which requires the use of either physical force or coercion. N.J. Stat. Ann. § 2C:14-2(a)(6). Because the Guidelines' definition at issue involves only the use of physical force, and *not* coercion, a review of the phrase "coercion" under New Jersey law is instructive in determining whether § 2C:14-2(a)(6) incorporates conduct falling outside the definition of "crime of violence".

In *State v. Lee*, a defendant was charged with criminal sexual contact under a statute similar to § 2C:14-3(a). 9 A.3d 190, 191 (N.J. Super. Ct. App. Div. 2010). That similar statute, § 2C:14-3(b), incorporated the element of physical force or coercion. *Id.* at 191–92. The defendant's charge stemmed from an incident where he exposed his genitals to a victim in an elevator and began touching himself. *Id.* at 191. The state court held that, if a defendant's sexual contact was only with himself, the conviction required a finding of physical force or coercion. *Id.* at 194–95.

Although "coercion" can include threats of physical force, it also includes, *inter alia*, threats to accuse another of an offense, expose secrets, or perform any act in order to substantially harm another's reputation, health, safety, or relationships. N.J. Stat. Ann. §§ 2C:14-1(j), 2C:13-5(a)(1)–(7). Thus, even when Monterola's § 2C:14-3(a) conviction is narrowed to § 2C:14-2(a)(6), it nonetheless includes actions falling outside "the use, attempted use, or threatened use of physical force", as required by Guideline § 2L1.2 comment n.1(b)(iii). This, however, does not end our inquiry.

## 2.

Focusing on the minimum conduct criminalized "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic

No. 14-41161

probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime'". *Teran-Salas*, 767 F.3d at 460 (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013)). This approach is partially rooted in common sense. *Id.* In order to show such realistic probability, a defendant must, at a minimum, point to circumstances either in his own case, or in another case where a state court applied the statute in the manner he asserts. *Id.*; *see also United States v. Carrasco-Tercero*, 745 F.3d 192, 197–98 (5th Cir. 2014) (noting "[t]heoretical applications of a statute to conduct that would not constitute a crime of violence do not demonstrate that the statutory offense is categorically not a crime of violence"). Put another way, although we do not consider a defendant's conduct in determining whether an enhancement applies under the categorical approach, Monterola must nevertheless point to conduct, either his or another's, to show the statute can be applied as he contends.

Although Monterola highlights the use of the word "coercion" in the statute, he does not maintain the facts forming the basis of his state-court conviction show a "realistic probability" that a defendant can violate § 2C:14-2(a)(6) in that manner. *See Teran-Salas*, 767 F.3d at 460. Similarly, he cites no authority in support of his position. Moreover, a review of New Jersey precedent sheds no light on the issue. Theoretically, it may be possible to convict a defendant in the manner Monterola describes. But, as discussed, mere *theoretical possibility* does not equate to *realistic probability*. *Id.*

Because Monterola fails to show a realistic probability the statute could be applied in the manner he advances, his § 2C:14-3(a) conviction, by narrowing it to § 2C:14-2(a)(6), qualifies as a "crime of violence" under the Guidelines. Accordingly, his 16-level enhancement was proper.

### III.

For the foregoing reasons, the judgment is AFFIRMED.

No. 14-41161

EDWARD C. PRADO, Circuit Judge, specially concurring:

While I acknowledge that our rule prohibiting plain error review of mistaken factual findings from *United States v. Lopez*, 923 F.3d 47, 50 (5th Cir. 1991) (per curiam), controls in this case, I write separately to restate my opposition to this Court's continued use of an inconsistently applied rule that I believe runs afoul of Federal Rule of Criminal Procedure 52(b) and Supreme Court precedent. *See United States v. Carlton*, 593 F. App'x 346, 349 nn.1–2 (5th Cir. 2014) (per curiam) (Prado, J., concurring), *cert. denied* 135 S. Ct. 2399 (2015); *United States v. Claiborne*, 676 F.3d 434, 440–42 (5th Cir. 2012) (Prado, J., concurring). As I have noted previously, the *Lopez* rule places our case law out of step with all other circuits and leads to unjust results. *Carlton*, 593 F. App'x at 349–51 (Prado, J., concurring); *Claiborne*, 676 F.3d at 442–44 (Prado, J., concurring). In denying a petition for certiorari on this very issue, Justice Sotomayor articulated the problem with our continued use of the *Lopez* rule and called on this Court to reevaluate our precedent. *See Carlton*, 135 S. Ct. at 2399–401 (Sotomayor, J., statement respecting the denial of certiorari) ("Given its inconsistency with the governing text and longstanding precedent, it is little wonder that no other court of appeals has adopted the *per se* rule outlined by the Fifth Circuit in *Lopez*. . . . I hope the Fifth Circuit will . . . rethink its approach to plain-error review."). While I leave open the question of whether application of *Lopez* leads to an unjust result in the instant suit, it is my hope that, in time, this Court will agree that the *Lopez* rule should be abandoned.